SHEDD, Circuit Judge,
dissenting:
The issue presented in this appeal is whether the district court properly considered the Guideline Policy statements during a supervised release revocation hearing. I believe the court did, and therefore I respectfully dissent.
*920 Here, Waller had an initial revocation hearing on March 22, 2011, at which hearing the district court clearly knew the policy statement range was three to nine months. The district court found violations, but continued sentencing to give Waller a chance to correct her behavior. This leniency did not work, and Waller violated again in May 2011. But in a further effort to work with the defendant, the district court continued Waller on her supervised release under the same terms and conditions. Despite the district court’s best efforts to work with Waller, she violated her conditions again several more times between October and December 2012. At a third court hearing, after Waller had failed two opportunities to follow her release conditions, the district court imposed a sentence of eighteen months.
Waller now asserts that although the district court had the range before it at her first revocation hearing, somehow it was unaware of that range when it finally imposed a sentence. Waller’s argument is undercut by the precedent of this Circuit. There is simply no question that the district court knew the policy statement range at the first hearing. The government stated the range in open court, and Waller does not challenge the fact that the court, the government, and she all had the probation officer’s worksheet which reflected the three to nine month range. Over the course of the hearings, it is absolutely clear that the district court was well aware of Waller’s conduct and the issues affecting her sentencing. The court listened to argument and recommendations for sentencing from both Waller and the government, and then imposed a sentence that was between the two recommendations.
Here, to comply with procedural reasonableness, the sentencing court must consider the policy statement and the circumstances of the individual defendant, but our precedent does not require that the consideration of the policy statement be explicit:
The flaw in [the] argument here is [the] assumption that the district court did not consider the relevant policy statement. ... The fact that the district couri did not mention the three to nine month range provided by the policy statement is not dispositive. A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if, as in the case at bar, the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court’s ultimate ruling.
United States v. Davis, 53 F.3d 638, 642 (4th Cir.1995) (emphasis added). Because it is abundantly clear that the district court knew the policy statement range for Waller and gave both sides the opportunity to present arguments on the appropriate sentence upon revocation, I would affirm.